**FILED**

**April 29, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:00 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **KRISTIN ROARK,** | ) **Docket No.: 2015-03-0233** |
| **Employee,** | ) |
| **v.** | ) **State File Number: 21143-2015** |
| **TEAM HEALTH,** | ) |
| **Employer,** | ) **Judge Pamela B. Johnson** |
| **And** | ) |
| **THE HARTFORD,** | ) |
| **Carrier.** | ) |
| | ) |

## EXPEDITED HEARING ORDER
## GRANTING TEMPORARY TOTAL DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Kristin Roark, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether Ms. Roark is entitled to past or future temporary disability benefits. For the reasons set forth below, the Court finds Ms. Roark sufficiently demonstrated that she is likely to prevail at a hearing on the merits on the issue of entitlement to temporary total disability benefits.[1]

### History of Claim

Ms. Roark is a thirty-two-year-old resident of Loudon County, Tennessee, employed by Team Health as an audit clerk. (T.R. 1.) On March 17, 2015, Ms. Roark sustained injury to her right eye when struck by a staple struck. *Id.* Upon receiving notice of the alleged work injury, Team Health provided certain workers' compensation benefits to Ms. Roark including medical and temporary disability benefits.

Ms. Roark came under the care of Campbell, Cunningham, and Taylor (CC&T). (*See generally* Ex. 6.) On March 23, 2015, Ms. Roark reported a staple struck her in the

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

right eye on March 17, 2015, which resulted in constant right eye pain with watering and redness since that time. (Ex. 6, 03/23/15 Office Note.) Dr. C. Tobin Taylor diagnosed episcleritis of the right eye and prescribed eye drops. *Id.* Ms. Roark treated with CC&T on a weekly basis and continued to complain of right eye pain, light sensitivity, eye drainage, swelling around the right eye, and headaches. *Id.* On April 28, 2015, Dr. A. Kirk Haun with CC&T referred Ms. Roark to Dr. Lauren L. Harris at University Eye Surgeons for further evaluation. *Id.*

On May 4, 2015, Dr. Harris diagnosed "[p]ossible scleritis versus episcleritis of the right eye possibly stemming from an injury at work back in March." (*See generally* Ex. 5.) Dr. Harris adjusted Ms. Roark's eye drops and other prescription therapy, and instructed Ms. Roark to return for follow up in one week. *Id.* Ms. Roark returned to see Dr. Harris on May 14, 2015, reporting no improvement. *Id.* Dr. Harris again adjusted Ms. Roark's eye drops and medication regimen and instructed her to return in two weeks. *Id.* However, on May 22, 2015, Dr. Harris noted, "[Ms. Roark] is cleared to return to work." *Id.*

During Ms. Roark's treatment, the treating physicians at CC&T signed Return to Work (RTW) notes, which indicated the following:

| Date of RTW note: | Under CC&T care since: | Released to return on: | Signed by: |
|---|---|---|---|
| March 23, 2015 | March 23, 2015 | March 26, 2015 | Dr. Taylor |
| March 26, 2015 | March 23, 2015 | March 30, 2015 | Dr. Haun |
| April 3, 2015 | No date provided | April 8, 2015 (to be determined) | Dr. Haun |
| April 14, 2015 | March 23, 2015 | April 6, 2015 | Dr. Haun |
| April 14, 2015 | March 23, 2015 | April 7, 2015 | Dr. Haun |
| April 14, 2015 | No date provided | April 14, 2015 to April 15, 2015 (seeing Dr. Taylor) | Dr. Haun |
| April 28, 2015 (Fax Cover) | No date provided | April 28, 2015 to April 30, 2015 | Fax from Dr. Haun |
| April 30, 2015 | March 23, 2015 | To be determined | Unsigned |

(*See generally* Ex. 4.)

CC&T records indicate Team Health's carrier contacted CC&T staff after each visit to address Ms. Roark's return to work status. CC&T advised as follows:

2

| Date of Document: | Carrier's contact: | CC&T personnel: | RTW status: | Signed by: |
|---|---|---|---|---|
| March 25, 2015 | Andrea Nicole | AWilson | Able to RTW | Dr. Haun 03/26/15 |
| March 26, 2015 | Andrea Nicole | BWren | Cleared to RTW | Dr. Haun 03/27/15 |
| April 3, 2015 | Andrea Nicole | AWilson | RTW 04/06/15 | Dr. Haun 04/03/15 |
| April 9, 2015 | Andrea Nicole | CArnett | Able to RTW 4/6/15 | Dr. Haun 04/09/15 |
| April 24, 2015 | Andrea Nicole | MBaker | Unable to Update – No show on 4/23/15 | Dr. Taylor 04/24/15 |

(*See generally* Ex.6.)

Team Health issued a Notice of Change or Termination of Compensation Benefits on April 15, 2015, and terminated Ms. Roark's temporary total disability benefits on April 7, 2015. (Ex. 2.) Team Health stated the reason for termination of benefits was "new [out-of-work] note indicates [return to work] 4/8/2015." *Id.*

Team Health submitted a questionnaire to Dr. Haun to determine whether the accident was the major contributing cause for the diagnosis and subsequent treatment. (Ex. 3.) In response, Dr. Haun stated the "specific diagnosis" was "red painful eye/scleritis." *Id.* When asked whether the injury or occupational exposure contributed more than fifty percent of the diagnosis, Dr. Haun responded, "unsure of diagnosis at this point." *Id.*

Ms. Roark filed a Petition for Benefit Determination (PBD) on June 11, 2015. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN) on July 9, 2015. Ms. Roark filed a Request for Expedited Hearing, and this Court heard the matter on March 22, 2016.

At the Expedited Hearing, Ms. Roark testified, "I had the [CC&T] doctors giving me doctor's excuses to not go back to work, but I had the [CC&T] techs sending doctor's notes, saying that I could go back to work, to [the] Hartford." Dr. Haun then "took all my doctor's notes back and just wrote one general doctor's note and sent it to the Hartford, which I never received." Ms. Roark further testified she never received the letter from Dr. Harris, which stated she could go back to work. Ms. Roark averred she did not

3

receive the information exchanged between her treating physicians and Team Health's carrier, which she stated was unfair. She stated if she had known the physicians released her to return to work, she would have returned to work.

Team Health countered it paid all temporary disability benefits due Ms. Roark. Pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(E) (2015), once CC&T physicians referred Ms. Roark to Dr. Harris, then Dr. Harris became the authorized treating physician. As of April 28, 2015, the date of the referral to Dr. Harris, Dr. Harris became the authorized treating physician with authority to address return to work status. As such, the April 30, 2015 CC&T RTW note, placing Ms. Roark off work indefinitely, was not applicable.

### Findings of Fact and Conclusions of Law

Ms. Roark has the burden of proof on all essential elements of her workers' compensation claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). At an Expedited Hearing, however, Ms. Roark need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Ms. Roark must present sufficient evidence from which the Workers' Compensation Judge can determine that she is likely to prevail at a hearing on the merits. *Id.*

Under Workers' Compensation law, Ms. Roark is eligible for temporary disability benefits if: (1) she became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and the inability to work; and (3) she establishes the duration of the period of disability. *See Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)). However, Team Health may terminate temporary total disability benefits either by Ms. Roark's ability to return to work or her attainment of maximum recovery. *Id.*

In the present case, Ms. Roark contends the CC&T RTW notes support her entitlement to temporary disability benefits. While the CC&T physicians failed to fully fill out the RTW notes and also issued multiple RTW notes on the same day for multiple periods of time, the CC&T RTW notes establish Ms. Roark was disabled from working during the following periods: March 23 through March 29, April 3 through April 13, and April 28 through "to be determined." Thereafter, Dr. Harris opined Ms. Roark was cleared to return to work as of May 22, 2015.

4

Team Health opposes Ms. Roark's entitlement to any additional temporary total disability benefits and asserts the April 30, 2015 CC&T RTW note after referral to Dr. Harris is not binding on Team Health under Tennessee Code Annotated section 50-6-204(a)(3)(E) (2015). Team Health argues once CC&T referred Ms. Roark to Dr. Harris on April 28, 2015, Dr. Harris became the authorized treating physician and responsible for making determinations as to work capabilities. This Court disagrees.

The April 28, 2015 fax cover sheet indicates, "[Ms. Roark] was given a work excuse today and the days until her [appointment] with Dr. Harris, a cornea specialist, on 4-30-15." (Ex. 4.) The April 30, 2015 CC&T RTW note contains a notation, which states in part, "[Ms. Roark] hasn't responded to the current treatment. We are in the process of scheduling an appointment with a corneal specialist." Additionally, while a CC&T physician made the referral to Dr. Harris on April 28, 2015, Ms. Roark testified she did not see Dr. Harris until May 4, 2015. (*See also* Ex. 5.) As such, this Court finds that Ms. Roark established she was "disabled from working" and further established the "duration of the period of disability."

The Court must now determine whether Ms. Roark was disabled from working "due to a compensable injury" and whether "a causal connection exists between the injury and the inability to work." The parties did not raise the issue of compensability on the DCN or during the Expedited Hearing. (*See* T.R. 3-5.) Pursuant to Tennessee Code Annotated section 50-6-239(b)(1) (2015), the parties may only present issues certified by the Mediator Specialist within the DCN to the Workers' Compensation Judge for adjudication. Additionally, Team Health indicated on the Notice of Change or Termination of Compensation Benefits that it terminated temporary disability benefits due to Ms. Roark's release to return to work on April 8, 2015. (Ex. 2.) Team Health did not raise the issue of causation on the form. *Id.* As such, careful consideration of the CC&T RTW notes and the accompanying CC&T office visits establish a causal connection between Ms. Roark's March 17, 2015 work injury involving her right eye and her inability to work.

Accordingly, based upon the evidence introduced at the Expedited Hearing, and as a matter of law, this Court finds Ms. Roark sufficiently demonstrated that she is likely to prevail at a hearing on the merits on the issue of entitlement to temporary total disability benefits. Therefore, her request for additional temporary total disability benefits is granted.

**IT IS, THEREFORE, ORDERED** as follows:

1. The amount of temporary disability benefit is $206.64 per week based on Ms. Roark's average weekly wage of $309.95.

5

2. Ms. Roark is entitled to temporary total disability benefits from Team Health or the Hartford in the amount of $206.64 per week for the following periods: March 23 through March 29, April 3 through April 13, and April 28 through May 22, 2015.

3. This matter is set for an Initial (Scheduling) Hearing on **June 15, 2016**, at **10:00 a.m. Eastern Time**.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 29th day of April, 2016.**

_Pamela B Johnson_

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set for June 15, 2016, at 10:00 a.m. Eastern Time. You must call 865-594-0091 or toll-free 855-543-504 to participate in the Initial (Scheduling) Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

6

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits:</u>
- EXHIBIT 1: Affidavit of Kristin Roark, filed November 18, 2015;
- EXHIBIT 2: Notice of Change or Termination of Compensation Benefits, Form C-26, dated April 15, 2015;
- EXHIBIT 3: April 30, 2015 Response from Dr. A. Kirk Haun regarding Causation;
- COLLECTIVE EXHIBIT 4: Campbell, Cunningham, Taylor & Haun Return to Work Statements;
- COLLECTIVE EXHIBIT 5: Medical Records from University Eye Surgeons; and
- COLLECTIVE EXHIBIT 6: Medical Records from Campbell, Cunningham, and Taylor.

<u>Stipulation(s) of Fact:</u>
- The parties stipulated to an average weekly wage of $309.95, resulting in a workers' compensation rate of $206.64 per week.

<u>Technical Record:</u>
- Petition for Benefit Determination, filed June 11, 2015;
- Dispute Certification Notice, July 9, 2015;
- Show Cause Order, issued October 15, 2015;
- Order, issued November 13, 2015; and,
- Request for Expedited Hearing, filed November 18, 2015.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of April, 2016.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Kristin Roark, Self-Represented Employee | X | | X | Kristin Roark 2549 West Old Topside Road Louisville, TN 37777 rocky.hembree@yahoo.com |
| Joseph W. Ballard, Esq. Employer's Attorney | | | X | Joseph.ballard@thehartford.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov